UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| PANALPINA WORLD TRANSPORT SINGAPORE PTE LTD., <br><br> Claimant, <br><br> -against- <br><br> MODEC OFFSHORE PRODUCTION SYSTEMS (SINGAPORE) PTE LTD. and MODEC AND TOYO OFFSHORE PRODUCTION SYSTEMS PTE LTD. <br><br> Respondents | § § § § § § § § § § § § § § § § Case No. 17-1662 |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Panalpina World Transport Singapore Pte Ltd. ("**Panalpina**" or "**Plaintiff**"), files this Petition for declaratory judgment against Defendants, MODEC Offshore Production Systems (Singapore) Pte Ltd. ("**MOPS**") and MODEC and Toyo Offshore Production Systems Pte Ltd. ("**MTOPS**") (collectively, MOPS and MTOPS are referred to as "**MODEC**" or "**Defendants**"), and alleges as follows:

### I.   NATURE OF THE CASE

1. Panalpina and MODEC entered into Master Freight Forwarding Services Contract (the "**MFFSC**") and related Work Order WT366-WO-098 (the "**Work Order**") concerning freight forwarding services beginning in 2014. After a dispute arose between the parties, MODEC threatened to commence litigation to recover losses associated with cargo damaged during a storm at sea. In response to MODEC's threats, Panalpina noted that the MFFSC contains an arbitration clause requiring that all claims and disputes related to the contract must be decided by arbitration conducted in Houston, Texas. Despite the plain language of the

MFFSC, MODEC reiterated its intent to litigate its claims in the Singaporean courts.  Panalpina therefore files this action seeking a declaratory judgment holding that the arbitration clause contained in the MFFSC is applicable to the dispute at issue.

## II. PARTIES

2.  Panalpina is a private limited company organized under the laws of Singapore. Panalpina is represented by and can be contacted through its undersigned counsel.

3.  MOPS is a private limited company organized under the laws of Singapore. Pursuant to the Master Contract, notice may be provided to MOPS via mail as follows:

> MODEC Offshore Production Systems (Singapore) Pte. Ltd
> Attention: Sateesh Dev, President of MODEC Offshore Production Systems (Singapore) Pte. Ltd
> 9 North Buona Vista Drive, The Metropolis Tower 1, #21-01
> Singapore 059567

4.  MTOPS is a private limited company organized under the laws of Singapore.

Pursuant to the Master Contract, notice may be provided to MTOPS via mail as follows:

> MODEC Offshore Production Systems (Singapore) Pte. Ltd,
> Attention: Sateesh Dev, Director of MODEC and TOYO Offshore Production Systems Pte. Ltd.
> 9 North Buona Vista Drive, The Metropolis Tower 1, #21-01
> Singapore 059567

## III. JURISDICTION AND VENUE

5.  The Court has subject matter jurisdiction over the lawsuit under 28 U.S.C. § 1333 because the parties agreed via contract that the MFFSC "shall be interpreted and construed in accordance with United States general maritime law excluding any conflicts of law principles which would direct the substantive law of another jurisdiction to apply."  Furthermore, the MFFSC states the following: "The Parties acknowledge and agree that [the MFFSC] includes activities in Interstate Commerce and that the Federal Arbitration Act, 9 U.S.C. § 1 et seq. shall

control and apply to all arbitrations conducted hereunder, notwithstanding any state law provisions to the contrary."

6. The Court has personal jurisdiction over the Defendant based upon its contacts with the State of Texas. Defendants, among other things, have purposely availed themselves of the laws of the forum state and could reasonably anticipate being sued here. Specifically, Defendants agreed in the MFFSC that all disputes arising out of or related to the interpretation, application, or enforcement of the MFFSC would be subject to arbitration in Houston, Texas.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 & 2202.

8. Venue is proper in this district because the Court has personal jurisdiction over the Defendants.

## IV. <u>FACTUAL ALLEGATIONS</u>

9. Panalpina and MODEC executed a Master Freight Forwarding Services Contract with an effective date of July 1, 2014 (the "**Master Agreement**," attached hereto as **Exhibit A**). The Master Agreement contemplated the completion of work orders for each particular job or project which MODEC requested services by Panalpina.

10. The parties agreed to submit all disputes for resolution via arbitration in Houston, Texas. Specifically, Clause 18.5 of the MFFSC requires the parties to arbitrate any disputes:

> All claims, disputes or controversies arising out of, or in relation to the interpretation, application or enforcement of this Agreement shall be decided by resort of either Party to arbitration utilizing a single arbitrator in accordance with the Construction Industry Rules of the American Arbitration Association. The arbitration shall be held in Houston, Texas.

11. During 2014, MODEC requested that Panalpina transport certain cargo from Switzerland to its client, Tullow Ghana Limited, in Thailand. In association with this request, MODEC and Panalpina executed the Work Order (attached hereto as **Exhibit B**) on or around

December 1, 2014. The Work Order referenced freight forwarding services for "6 units of Compressors" (the "**Cargo**"). The Work Order specifically states that the MFFSC is incorporated by reference.

12. On or about December 27, 2014, the vessel carrying the Cargo encountered heavy weather after departing Le Havre. As a result of the weather, some of the Cargo shifted within the hold, causing damage to both the vessel and the Cargo.

13. On April 15, 2016, MODEC's counsel sent a letter to Panalpina demanding payment of $1,000,000 under Clause 6.0 of the MFFSC. **Exhibit C**. MODEC reiterated its demand on March 17, 2017, stating that it would commence proceedings within seven days if payment was not received. **Exhibit D**, at ¶ 4. On May 4, 2017, counsel for Panalpina sent a letter to MODEC specifically which stated that Clause 18.5 of the MFFSC required that all disputes were subject to resolution through arbitration in Houston, Texas. **Exhibit E**, at ¶ 6. MODEC thereafter responded on May 11, 2017, stating that Panalpina was not entitled to enforce the arbitration clause contained in the MFFSC. **Exhibit F**, at ¶ 6.

## V. REQUEST FOR DECLARATORY RELIEF

14. Panalpina now seeks a declaration from this Court on the rights and obligations of MODEC under the MFFSC and Work Order in light of the factual allegations set out in the allegations above, which are incorporated by reference. Specifically, Panalpina seeks a declaration from this Court that the dispute described above is subject to the arbitration provisions set forth in the MFFSC.

15. An actual, substantial controversy exists between Panalpina and MODEC regarding the enforceability of the arbitration clause contained in the MFFSC. As described above, Panalpina has informed MODEC that any dispute regarding the damaged cargo is subject to arbitration in Houston, Texas. MODEC has denied the applicability of the arbitration

provision, claiming that the arbitration clause is no longer applicable based upon an alleged waiver of rights.  Moreover, MODEC has threatened to file suit in Singapore as recently as May 11, 2017.

16.     The MFFSC provides that "[a]ll claims, disputes or controversies arising out of, or in relation to the interpretation, application or enforcement of the [MFFSC] shall be decided by resort of either party to arbitration."  In addition, the MFFSC specifically states that "[t]he arbitration shall be held in Houston, Texas."

17.     As evidenced by MODEC's communications, the dispute at issue arises out of or involves the interpretation, application, and enforcement of the MFFSC.  Specifically, MODEC has alleged that Panalpina is liable for damage to the cargo subject to the MFFSC and Work Order pursuant to Clause 6.0 of the MFFSC.  Exhibit C, at ¶¶ 4-6 (alleging liability under Clause 6.0 of the MFFSC).  Therefore, the arbitration clause in the MFFSC requires that MODEC's claims be resolved through arbitration in Houston, Texas, rather than through litigation in another forum, such as the Singaporean courts.

## VI. PRAYER

WHEREFORE, Panalpina hereby prays that Defendants be cited to appear and answer and, upon final trial, Panalpina be granted judgment as follows:

- Declaration that the dispute described herein related to the MFFSC, the Work Order, and the Cargo is subject to mandatory arbitration in Houston, Texas;

- Reasonable and necessary attorneys' fees allowed by law; and

- Such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Dated:  June 2, 2017

By:    */s/ J. Maxwell Beatty*
J. Maxwell Beatty *(TX Bar 24051740)*
mbeatty@diamondmcarthy.com
Diamond McCarthy LLP
909 Fannin, Suite 1500
Houston, Texas 77010
Telephone: (713) 333-5100
Facsimile: (713) 333-5199

*Counsel for Panalpina World Transport Singapore Pte Ltd.*